UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DAVID BROCK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:19-CV-00119-JRG-CRW |
|  | ) |  |
| HAMBLEN COUNTY *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate, brings this civil rights action for violation of 42 U.S.C. § 1983, by and through counsel, alleging, *inter alia*, that Defendant Southern Health Partners ("SHP") failed to provide constitutionally adequate medical treatment [*See* Doc. 17]. Now before the Court is SHP's motion to dismiss Plaintiff's claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 23]. Plaintiff has not responded to this motion and the time for doing so has passed. *See* E.D. Tenn. LR. 7.1(a). Having fully considered the parties' arguments and the applicable law, the Court finds that SHP's motion should be granted.

### I.    BACKGROUND

On July 10, 2018, Plaintiff was booked into the Hamblen County Jail as a pre-trial detainee [Doc. 17 p.1]. Upon his arrival, Plaintiff informed jail officials that he was a confidential informant and was highly likely to be injured by other inmates if placed in a "rough" cell [*Id.* at 4]. On July 15, 2018, Plaintiff, who had been placed in West Block, a notoriously violent and overcrowded block, was severely beaten by seven other inmates [*Id.* at 4-5]. He was taken to Lakeway Hospital where he was diagnosed with spleen laceration and contusions, and thereafter transferred to UT Hospital for additional treatment, where he was monitored for two days [*Id.* at 5]. After being returned to the jail, Plaintiff experienced increasing pain and, despite reporting such to jail officials

and SHP nursing staff, received no medical care and was not returned to the hospital [*Id.*]. On July 21, 2018, Plaintiff was taken to Morristown Hamblen Hospital for "severe abdominal pain, profuse sweating, and a pulsating mass in the abdomen," where he was given a blood transfusion, and once stabilized, transferred back to UT Hospital [*Id.*]. At UT, Plaintiff was immediately taken into surgery, where he was found to have a grade 5 spleen laceration and found to be in hemorrhagic shock [*Id.*].

Plaintiff filed his complaint on July 15, 2019 against Hamblen County, various Hamblen County jail officials, the Hamblen County sheriff, the inmates who assaulted him, and Correct Health Hamblen, LLC, who he alleged was the third party contracted with Hamblen County jail to provide medical services [Doc. 1]. On November 5, 2019 Defendant Correct Health Hamblen, LLC filed an answer to the complaint arguing that "the last day Correct Health Hamblen LLC provided medical services at the Hamblen County jail was June 30, 2018 and thus [it was] not responsible for any alleged medical act or omission that occurred after that date;" and as such was not a proper defendant [Doc. 11].[1] That same day, Plaintiff filed an amended complaint, naming SHP as the third-party medical provider contracted with Hamblen County Jail to provide medical services [Doc. 13 p. 3]. However, Plaintiff's amended complaint was not signed, and he was ordered to file a signed copy [Doc. 15]. Plaintiff complied, filing a corrected, signed version on November 11, 2019 [Doc. 17]. He likewise filed a summons issued to SHP [Doc. 18]. On March 4, 2020, Defendant SHP filed the instant motion to dismiss and a memorandum in support [Doc. 23].[2]

---

[1] The parties later stipulated to the dismissal of Correct Health Hamblen, LLC [Doc. 22] which the Court then dismissed as a defendant.

[2] SHP and Plaintiff also jointly filed a Motion to Dismiss Count X [Doc. 25], which the Court granted [Doc. 26].

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. When considering a plaintiff's claims, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Pursuant to Rule 12(b)(6), a complaint may be dismissed if it fails to give the defendant fair notice of the claim or the grounds it rests on. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Defendant SHP seeks to dismiss Plaintiff's complaint against it as barred by the statute of limitations [Doc. 23]. Specifically, SHP avers that it was not named as a defendant until after the statute of limitations had expired, and as Plaintiff's amended complaint against it did not properly relate back to the original complaint, these claims must be dismissed [*Id.*].

Plaintiff raises his claims against SHP under §1983 [Doc. 17]. As §1983 has no statute of limitations, federal courts rely on the forum state's statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In Tennessee, such claims are subject to Tennessee's one-year statute of limitations. TCA § 28-3-104. Plaintiff's claims against SHP arose from July 18 to July 21, 2018, and he filed his first complaint on July 15, 2019 [Doc. 1]. However, this complaint did not name SHP as a Defendant, but rather named Correct Health Hamblen, which had previously provided medical services to the Hamblen County Jail [*Id.*]. On November 5, 2019, when Correct Health filed an answer indicating that it had not served as the medical services provider at Hamblen County Jail at the time of Plaintiff's injuries, Plaintiff filed an amended complaint naming SHP as

3

a Defendant [Docs. 13, 17]. As such, SHP was not named as a Defendant until November 5, 2019, long after the one-year statute of limitations had expired.

However, under Federal Rule of Civil Procedure ("FRCP") 15(c), Plaintiff's amendment and time-barred claim may be permitted if it "relates back." Fed. R. Civ. P. 15(c). In relevant part, FRCP 15(c) provides:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> …
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). The period provided by FRCP 4(m) is 90 days. Fed. R. Civ. P. 4(m). Accordingly, for an amendment that changes a party to properly relate back, the added party must have received notice of the action within 90 days after the initial complaint is filed. *See Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 548 (6th Cir. 2013).[3] However, lack of timely notice may be excused for good cause. *See Jackson v. Herrington*, 393 F. App'x 348, 353-54 (6th Cir. 2010).

Here, Plaintiff's first complaint was filed on July 15, 2019, meaning that SHP would have needed to receive notice by October 14, 2019 to meet the relation-back requirements set out in FRCP 15(c). However, there is no evidence in the record that SHP was given notice prior to being named as a defendant which did not occur until November 11, 2019. As such, no further analysis

---

[3] *Lockhart* lists the presumptive time for serving a defendant as 120 days, however, this time was reduced by amendment to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment ("Shortening the time to serve under Rule 4(m) means that the time of the notice required by Rule 15(c)(1)(C) for relation back is also shortened.")

under Rule 15(c)(1)(C) is necessary. Although it is possible that Plaintiff could have shown good cause for his failure to serve SHP within the 90-day period, Plaintiff has not responded to SHP's Motion to Dismiss, and the time for doing so has passed. *See* E.D. Tenn. LR 7.1(a)(2). As such, Plaintiff has waived any opposition thereto. E.D. Tenn. LR 7.2; *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.* 577 F.2d 740 (6th Cir. 1978). Accordingly, the Court finds that Plaintiff's amendment does not relate back, and SHP is entitled to dismissal.

## IV. CONCLUSION

For the reasons set forth herein, Defendant Southern Health Partners is entitled to be dismissed from this action. Accordingly, Defendant Southern Health Partners' motion to dismiss [Doc. 23] is **GRANTED**, and SHP is **DISMISSED** from this action.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE