UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| DAVID BROCK, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:19-CV-00119-JRG-CRW |
| HAMBLEN COUNTY *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff, an inmate, brings this civil rights action for violation of 42 U.S.C. § 1983, by and through counsel, alleging, *inter alia*, that Defendant Southern Health Partners ("SHP") failed to provide constitutionally adequate medical treatment [*See* Doc. 17]. Now before the Court is SHP's motion to dismiss Plaintiff's claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6) [Doc. 23]. Having fully considered the parties' arguments and the applicable law, the Court finds that SHP's motion should be **DENIED**.

**I.     BACKGROUND**

On July 10, 2018, Plaintiff was booked into the Hamblen County Jail as a pre-trial detainee [Doc. 17 at 1]. Upon his arrival, Plaintiff informed jail officials that he was a confidential informant and was highly likely to be injured by other inmates if placed in a "rough" cell [*Id.* at 4]. On July 15, 2018, Plaintiff, who had been placed in West Block, a notoriously violent and overcrowded block, was severely beaten by seven other inmates [*Id.* at 4-5]. He was taken to Lakeway Hospital where he was diagnosed with spleen laceration and contusions, and thereafter transferred to UT Hospital for additional treatment, where he was monitored for two days [*Id.* at 5]. After being returned to the jail, Plaintiff experienced increasing pain and, despite reporting such to jail officials and SHP nursing staff, received no medical care and was not returned to the

hospital [*Id.*]. On July 21, 2018, Plaintiff was taken to Morristown Hamblen Hospital for "severe abdominal pain, profuse sweating, and a pulsating mass in the abdomen," where he was given a blood transfusion, and once stabilized, transferred back to UT Hospital [*Id.*]. At UT, Plaintiff was immediately taken into surgery, where he was found to have a grade five spleen laceration and found to be in hemorrhagic shock [*Id.*].

Plaintiff filed his complaint on July 15, 2019 against Hamblen County, various Hamblen County jail officials, the Hamblen County sheriff, the inmates who assaulted him, and CorrectHealth Hamblen, LLC, who he alleged was the third party contracted with Hamblen County jail to provide medical services [Doc. 1]. On November 5, 2019 Defendant CorrectHealth Hamblen, LLC filed an answer to the complaint arguing that "the last day Correct Health Hamblen LLC provided medical services at the Hamblen County jail was June 30, 2018 and thus [it was] not responsible for any alleged medical act or omission that occurred after that date;" and as such was not a proper defendant [Doc. 11 ¶ 111].[1] That same day, Plaintiff filed an amended complaint, naming SHP as the third-party medical provider contracted with Hamblen County Jail to provide medical services [Doc. 13 at 3]. However, Plaintiff's amended complaint was not signed, and he was ordered to file a signed copy [Doc. 15]. Plaintiff complied, filing a corrected, signed version on November 11, 2019 [Doc. 17]. He likewise filed a summons issued to SHP [Doc. 18]. On March 4, 2020, Defendant SHP filed the instant motion to dismiss and a memorandum in support [Doc. 23].[2] Plaintiff filed a lodged opposition to the motion to dismiss on April 28, 2020 [Doc. 30].[3]

---

[1] The parties later stipulated to the dismissal of CorrectHealth Hamblen, LLC [Doc. 22] which the Court then dismissed as a defendant.

[2] SHP and Plaintiff also jointly filed a Motion to Dismiss Count X [Doc. 25], which the Court granted [Doc. 26].

[3] Plaintiff originally did not respond in a timely fashion and the Court granted Defendant SHP's motion to dismiss [Doc. 28]. However, Plaintiff filed a motion for relief from this order due to "excusable neglect" caused by

2

## II. MOTION TO DISMISS STANDARD

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a plaintiff's claims, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Pursuant to Rule 12(b)(6), a complaint may be dismissed if it fails to give the defendant fair notice of the claims or grounds it rests on. *Twombly*, 550 U.S. at 555. Moreover, if the allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

Defendant SHP seeks to dismiss Plaintiff's complaint against it as barred by the statute of limitations [Doc. 23]. Specifically, SHP avers that it was not named as a defendant until after the statute of limitations had expired, and as Plaintiff's amended complaint against it did not properly relate back to the original complaint, these claims must be dismissed [Doc. 24]. Plaintiff contends that the amended complaint is timely, does properly relate back, or alternatively that he can present good cause for any delayed notice, and that he would be unfairly prejudiced by SHP's dismissal [Doc. 30].

### A. Statute of Limitations

Plaintiff raises his claims against Defendant SHP under §1983, which governs civil rights deprivations [Doc. 17]. As §1983 has no statute of limitations, federal courts rely on the forum

---

the global outbreak of COVID-19 and its impact on Plaintiff's counsel's work environment and calendaring system [Doc. 29] which the Court granted [Doc. 32].

state's statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In Tennessee, such claims are governed by TCA § 28-3-104, which provides, in relevant part:

> (a)
>> (1) Except as provided in subdivision (a)(2), the following actions shall be commenced within one (1) year after the cause of action accrued:
>>> (A) Actions for libel, injuries to the person, false imprisonment, malicious prosecution, or breach of marriage promise;
>>> (B) Civil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes; and
>>> (C) Actions for statutory penalties.
>>
>> (2) A cause of action listed in subdivision (a)(1) shall be commenced within two (2) years after the cause of action accrued, if:
>>> (A) Criminal charges are brought against any person alleged to have cause or contributed to the injury;
>>> (B) The conduct, transaction, or occurrence that gives rise to the cause of action for civil damages is the subject of a criminal prosecution commenced within one (1) year by:
>>>> (i) A law enforcement officer;
>>>> (ii) A district attorney general; or
>>>> (iii) A grand jury; and
>>>
>>> (C) The cause of action is brought by the person injured by the criminal conduct against the party prosecuted for such conduct.
>>
>> (3) This subsection (a) shall be strictly construed.

T.C.A. §28-3-104. This statute provides a one-year statute of limitations for civil actions brought under federal civil rights statutes, but provides an exception, allowing for a two-year filing period, when the action is brought by a person injured by criminal conduct against a party who was criminally prosecuted for that conduct.

Plaintiff's claims against SHP arose from July 18 to July 21, 2018, and he filed his first complaint on July 15, 2019, within the one-year statute of limitations [Doc. 1]. However, this complaint did not name SHP as a defendant, but rather named CorrectHealth Hamblen, which had previously provided medical services to the Hamblen County jail [*Id.*]. On November 5, 2019,

4

when CorrectHealth filed an answer indicating that it had not served as the medical services provider at Hamblen County jail at the time of Plaintiff's injuries, Plaintiff filed an amended complaint naming SHP as a Defendant [Docs. 13, 17]. As such, SHP was not named as a Defendant until November 5, 2019, long after the typical one-year statute of limitations had expired.

Plaintiff argues, however, that his claims fall under subsection (a)(2), because the inmates who assaulted him were criminally charged, and he is thus entitled to a two-year statutory period [Doc. 30 at 10-11]. This subsection was added in 2015 and has been rarely analyzed by either Tennessee courts or Courts in this district. However, subsection (3) makes it clear that this statutory language should be strictly construed. While Plaintiff does allege the defendant inmates who assaulted him received criminal charges, it is clear that Defendant SHP was not criminally charged in this matter. A strict reading of this statute does not allow for a two-year limit against a co-defendant merely because another defendant received a criminal charge. *See Cox v. Jordan*, 2019 Tenn. Cir. LEXIS 409, at *2 (Tenn. Cir. Ct., May 10, 2019) (noting that one of the defendants in this case, who was not criminally prosecuted for the plaintiffs' injuries, was not subject to a two-year statute of limitations). Plaintiff's complaint is subject to the one-year statute of limitations and is, as such, untimely.

### B. Relation Back

However, under Federal Rule of Civil Procedure ("FRCP") 15(c), Plaintiff's amendment and time-barred claim may be permitted if it "relates back." Fed. R. Civ. P. 15(c). In relevant part, FRCP 15(c) provides:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
> …
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period

provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). The period provided by FRCP 4(m) is ninety days. Fed. R. Civ. P. 4(m). Accordingly, for an amendment that changes a party to properly relate back, the added party must have received notice of the action within ninety days after the initial complaint is filed. *See Lockhart v. Holiday Inn Express Southwind*, 531 F. App'x 544, 548 (6th Cir. 2013).[4] Constructive notice may satisfy this requirement. *See Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986) ("We believe that Rule 15(c) does not require that the new defendants received actual notice…. It is enough that the new defendants received constructive notice of the suit."). However, lack of timely notice may be excused for good cause. *See Jackson v. Herrington*, 393 F. App'x 348, 353-54 (6th Cir. 2010).

Here, Plaintiff's first complaint was filed on July 15, 2019, meaning that SHP would have needed to receive notice by October 14 or 15, 2019 to meet the relation-back requirements set out in FRCP 15(c).[5] While Plaintiff asserts that he believes SHP did have actual notice due to the nature of its institutional and contractual relationship with Defendant Hamblen County [Doc. 30 at 6], there is no evidence in the record that SHP was given notice prior to being named as a defendant on November 5, 2019 [Doc. 13].[6] Defendant SHP challenges Plaintiff's assumption by clarifying that both Hamblen County and CorrectHealth Hamblen were served on October 15,

---

[4] *Lockhart* lists the presumptive time for serving a defendant as 120 days, however, this time was reduced by amendment to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment ("Shortening the time to serve under Rule 4(m) means that the time of the notice required by Rule 15(c)(1)(C) for relation back is also shortened.")

[5] October 14, 2019 was a federal holiday.

[6] Alternatively, Plaintiff argues that the question of actual notice should be borne out in discovery and is not proper ground for dismissal.

2019, the last day of the ninety-day period [Doc. 23 at 2].  For timely actual notice to have occurred, one of those entities would have had to notify SHP immediately upon receipt of the lawsuit, which Defendant alleges is an unreasonable assumption [*Id.*].  Although the Court construes the facts in the light most favorable to Plaintiff, Plaintiff is obligated to provide "more than labels and conclusions," and the Court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555.  Here, Plaintiff's belief that SHP had actual notice, with no factual support, will not suffice.

Plaintiff alternatively claims that SHP may be charged with constructive notice due to its contractual and institutional relationship with Hamblen County [Doc. 30 at 7-8].  Specifically, Plaintiff claims that when Hamblen County was notified of the lawsuit, it would have begun preparing and investigating, which would have included gathering medical records and interviewing the medical professionals involved and employed by SHP, thus notifying SHP of its status as a defendant [*Id.*].

The Sixth Circuit has "articulated the following, non-exhaustive list of factors in determining whether a newly-named defendant had constructive notice of a lawsuit: 'the relationship of the new defendant to the defendant(s) originally named, whether the same attorney represented both the original and new defendants, and whether the defendants are officials of the original defendant.'"  *Beverly v. MEVA Formworks Sys., Inc.*, 500 F. App'x. 391, 394 (6th Cir. 2012).  When there is a "sufficient identity of interest" or "fairly advanced degree of privity" between the original defendant and the new defendant, constructive notice may be established. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 319 (6th Cir. 2010) (citations omitted).  The Court has also noted that whether Plaintiff is represented by counsel is an important distinguishing factor to consider in this analysis.  *See Force v. City of Memphis*, 101 F.3d 702 (6th

7

Cir. 1996) (fully reported at *Force v. City of Memphis*, 1996 U.S. App. LEXIS 30233, at *10 (6th Cir. 1996)).

The Court finds that while SHP has a contractual relationship to Hamblen County, this alone is not enough to satisfy that SHP had constructive notice. SHP is an entirely separate corporate entity and is represented by a different attorney. Additionally, although SHP employees work in the Hamblen County jail, SHP itself is neither a subordinate official nor an agent of Hamblen County. The Court finds that Plaintiff has not established that Defendant SHP had constructive notice, particularly given that the notice to Hamblen County occurred on the last day of the ninety-day filing period and that Plaintiff was represented by counsel, and was thus not thwarted from timely notice by his pro se status. Plaintiff has not shown that constructive notice may be imputed to SHP.

### C. Good Cause

Plaintiff avers that, in the event the Court did not find that Defendant SHP had actual or constructive notice, that Plaintiff had good cause for failure to provide timely notice [Doc. 30 p. 8-9]. Specifically, Plaintiff asserts as cause that CorrectHealth Hamblen, the original defendant created by CorrectHealth LLC to provide medical care at Hamblen County jail, was still listed as an active business entity at the time of Plaintiff's injuries and when the complaint was filed [*Id.*]. As such, Plaintiff's counsel had no reason to believe that the county had engaged a new medical services provider and once he learned that it had, the correct defendant was sought out and a complaint was sent to SHP [*Id.*]. SHP, however, argues that counsel merely made an incorrect assumption that fails to provide good cause when its identity as the medical services provider was readily discoverable at the time the complaint was filed [Doc. 23 at 4].

Lack of timely notice may be excused for good cause. *See Jackson*, 393 F. App'x at 353-54. To demonstrate good cause, a plaintiff must show why service was not made within the ninety-

8

day time period. *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994). Good cause requires a plaintiff to show "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Mnzava v. Diverse Concepts, LLC*, 2015 U.S. Dist. LEXIS, at *4-5 (E.D. Tn. 2015) (citing *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)). "While the rule is at times harsh, '[c]lients are held accountable for the acts and omissions of their attorneys, and attorney inadvertence generally does not constitute excusable neglect.'" *Id.* at *5 (quoting *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012)).

While Plaintiff's arguments explain the source of counsel's misunderstanding and mistake, they do not demonstrate good cause. Counsel's mistaken assumption, without some assertion that the identity of the proper defendant was not readily identifiable, will not constitute good cause.

### D. Prejudice

Finally, Plaintiff argues that absent the above precedent and statutory forms of relief, that the Court should exercise its "discretion to excuse application of the deadline," particularly where Defendant will not be especially prejudiced in having to defend against this suit as the suit is still in its infancy and the delay in notice was only nominal [Doc. 30 at 9-10].

District courts have discretion to permit a suit to continue even if no good cause is shown. *See Henderson v. United States*, 517 U.S. 654, 662 (1966). In the absence of good cause, courts have looked to the following factors to determine whether to permit the case to move forward: (1) the extension of time required for service, (2) whether the extension of time prejudices defendant past the "inherent 'prejudice' in having to defend the suit," (3) whether defendant had actual notice, (4) whether Plaintiff would be substantially prejudiced by dismissal, including the time-bar of his suit, and (5) whether the plaintiff made any good faith efforts at electing proper service. *Dunham-Kiely v. United States*, 2010 U.S. Dist. LEXIS 46114, at *14-15 (E.D. TN. 2010) (citations

9

omitted). However, the Court is "not limited to these factors, and may consider anything that is relevant and equitable." *Id.*

Here, because of the prejudice to Plaintiff and relative lack of prejudice to Defendant, the Court exercises its discretion to allow Plaintiff's claims to go forward. Considering the first factor, Plaintiff served Defendant SHP approximately three weeks later than required by statute, requiring only a minimal extension, and thus weighing in favor of Plaintiff. As to the second factor, "in this context, prejudice 'contemplates loss of evidence, unavailability or other material alteration caused by the delay that would prevent the [Plaintiff] from presenting his case.'" *Id.* at *16 (quoting *Barr v. Barr*, 217 B.R. 626 (Bkrtcy. W.D. Wash. 1998)). Defendant suffers little prejudice in defending this suit, due to its infancy, outside of the "inherent prejudice in having to defend." *Dunham-Kiely*, 2010 U.S. Dist. LEXIS 46114, at *15. The Court does note, however, that SHP did not have actual notice within the ninety-day period, which weighs in its favor. The fourth factor considers the prejudice to Plaintiff, who would be substantially prejudiced by the dismissal of his claims, which would leave his claims time-barred. Finally, the Court finds that pursuant to the fifth factor Plaintiff did make good faith efforts to effect service. Plaintiff claims he was notified by the attorney for CorrectHealth Hamblen that it was not the proper defendant on October 28, 2019 [Doc. 30 at 4]. Plaintiff then sought out and served SHP by November 5, just one week later [*Id.*]. While Plaintiff's counsel made a mistaken assumption in the identity of the correct defendant, there is no evidence that he acted in bad faith in failing to effect service. Accordingly, four of the five considered factors weigh in favor of Plaintiff, and the Court thus determines that Plaintiff's claims should be allowed to move forward. While procedural rules are not to be taken lightly, "there is a strong preference for trials on the merits . . . courts are generally loath to penalize

10

litigants for the negligence of their attorneys." *Id.* at *19 (quoting *In re Love*, 3 F. App'x. 497, 498 (6th Cir. 2001)).

## IV. CONCLUSION

For the reasons set forth herein, Defendant Southern Health Partners is not entitled to be dismissed from this action. Accordingly, Defendant Southern Health Partners' motion to dismiss [Doc. 23] is **DENIED, and Defendant Southern Health Partners is ORDERED to file a response in this cause within twenty-one days of entry of this Memorandum Opinion and Order.**

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
